United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40674
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORACIO PATINO-CRUZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-584-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Horacio Patino-Cruz (Patino) appeals his guilty-plea conviction and sentence for being found unlawfully in the United States after having been deported. The district court sentenced Patino to 77 months of imprisonment and two years of supervised release.

On appeal, Patino argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government argues that the waiver provision in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patino's plea agreement precludes his attack on the constitutionality of § 1326(b).  We assume, arguendo only, that the waiver does not bar the instant appeal.

Patino's challenge to the constitutionality of § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Patino contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Patino properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Patino also argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and, therefore, that this condition should be vacated.  The Government does not seek enforcement of the waiver as to this issue.  As Patino concedes, however, this claim is not ripe for review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  Accordingly, this portion of the appeal is dismissed for lack of jurisdiction.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.